IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY M. DEMSKO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-876 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 19th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff's argument hinges primarily on his contention that the Administrative Law Judge ("ALJ") erred in discounting evidence from outside Plaintiff's insured period.  She argues that proper consideration of this evidence would have impacted the ALJ's residual functional capacity ("RFC") findings and her decision that Plaintiff was not disabled during the relevant time.  The Court disagrees and therefore will affirm.

At the outset, the Court notes that Plaintiff's assertion that the ALJ found "all evidence outside of June 11, 2018, to December 31, 2018, irrelevant" (Doc. No. 11, p. 15) is inaccurate. It is true that the relevant window in this matter is fairly small, as Plaintiff's alleged onset date was June 11, 2018, and her date last insured was December 31, 2018. Plaintiff accordingly had to prove she was disabled within those dates. *See* 20 C.F.R. § 404.131. Although the ALJ correctly identified this as the relevant period, by no means did she categorically reject or ignore all evidence from outside that time frame. (R. 21). To the contrary, she discussed and considered evidence from as far back as 2015 and as recently as 2021. She properly focused primarily on evidence from the insured period, but clearly considered evidence from well outside that time frame.

As part of Plaintiff's argument, she contends that the ALJ's failure to consider evidence outside of the insured period – which, again, is not the case – led to inadequate consideration of the opinions of her treating neurologist, Arvind Vasudevan, M.D. (R. 838-40), and her treating chiropractor Shaun-Michael Basinger, D.C. (R. 855-60). To be clear, the ALJ did consider both of these opinions, despite the fact that Dr. Vasudevan's was dated June 9, 2021, and Dr. Basinger's was dated June 28, 2021. (R. 23-24). However, she accurately noted that these opinions were from two and a half years after Plaintiff's date last insured, that Dr. Vasudevan had given no indication as to the time period to which his opinion pertained, and that Dr. Basinger had not even started treating Plaintiff until April of 2021.

While the ALJ can, and did, consider evidence after Plaintiff's date last insured, such evidence is relevant only if it pertains to Plaintiff's condition during the relevant period. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). "Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability benefits under the Act." *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd* 649 F.2d 858 (3d Cir. 1981). Both of the opinions at issue are from years after Plaintiff's date last insured, and neither explain how they would, or even purport to, relate back to the relevant time period. The ALJ's consideration of the timing of the opinions was, therefore, appropriate.

Regardless, the ALJ did not rely merely on the dates of Drs. Vasudevan's and Basinger's opinions in assessing their persuasiveness. As Plaintiff acknowledges, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c). The ALJ's analysis comports with this standard.

It is noteworthy that, despite being completed much later than Plaintiff's date last insured, the ALJ did not reject the opinions of Drs. Vasudevan and Basinger outright, but rather found them to be partially persuasive. (R. 23). In so finding, she noted that the opinions were inconsistent with the objective medical evidence from the time period in question, specifically citing clinical findings routinely showing normal strength, tone, reflexes, and gait, as well as grossly intact sensation and no

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:        Counsel of record

---

neurological defects. (R. 21-23). She also noted that Dr. Basinger's opinion was largely based on Plaintiff's self-reported symptoms. (R. 23-24). The ALJ therefore properly considered the criteria set forth in Section 404.1520c in assessing these opinions. The Court notes that the record contains other medical opinions suggesting less restrictive limitations than what the ALJ ultimately included in Plaintiff's RFC.

      To the extent, then, that Plaintiff's argument that consideration of record evidence from outside of the relevant period demonstrates the need for a more restrictive RFC is based on the 2021 opinions from Drs. Vasudevan and Basinger, such argument fails for the reasons stated above. To the extent that Plaintiff asserts that additional restrictions such as her need to lie down during her migraine headaches, her inability to sit or stand for prolonged periods, her reduced visual acuity, and her inability to meet tolerated limits in terms of off-task time and absences is based on her own testimony, the Court emphasizes that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011). Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). As noted above, the ALJ considered all of the evidence, focusing on the evidence from the insured period and discussing at length the objective medical evidence, treatment records, medical opinion evidence, and Plaintiff's activities of daily living. While Plaintiff objects to the ALJ's consideration of factors like her reported ability to go for walks and do yard work (R. 572, 776, 606), although such activities may not alone support a finding of non-disability, there was nothing inappropriate in the ALJ considering those activities in evaluating the severity of Plaintiff's symptoms and limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3p, 2016 WL 1119029, at *7 (S.S.A. Mar. 16, 2016); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011).

      Again, the ALJ considered the objective medical evidence, including clinical findings, treatment notes, and medical imaging, as well as the opinion evidence, and Plaintiff's daily activities. All of this constitutes substantial evidence sufficient to support the ALJ's decision, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154, and considering the small window of time at issue. Accordingly, the Court will affirm.